UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

WILLIAM L. WRIGHT,

        Plaintiff,

vs.

ENHANCED RECOVERY COMPANY, LLC,

        Defendant.

Case No.: 6:15-cv-1268-EFM-JPO

### DEFENDANT, ENHANCED RECOVERY COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Enhanced Recovery Company, LLC (ERC or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Plaintiff's Petition filed by Plaintiff, William Wright ("Plaintiff").

### INTRODUCTION AND BACKGROUND

1.    ERC admits that Plaintiff brings this action against it for alleged violation of the Fair Debt Collection Practices Act (FDCPA), Telephone Consumer Protection Act (TCPA), and Kansas Consumer Protection Act (KCPA), but denies any violation of the foregoing laws.

2.    ERC denies the allegations contained in paragraph 2 of the Petition.

### JURISDICTION AND VENUE

3.    ERC admits that venue is proper here and that the United States District Court, District of Kansas has personal jurisdiction over it. ERC further admits that this Court has subject matter jurisdiction over the federal claims for which Plaintiff has standing to assert in this matter. ERC denies all remaining allegations contained in paragraph 3 of the Petition.

## PARTIES

4. ERC admits that venue is proper here and that the United States District Court, District of Kansas has personal jurisdiction over it. ERC further admits that this Court has subject matter jurisdiction over the federal claims for which Plaintiff has standing to assert in this matter. ERC denies all remaining allegations contained in paragraph 4 of the Petition.

5. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Petition and, therefore, denies the allegations.

6. ERC denies the allegations contained in paragraph 6 of the Petition.

7. ERC denies the allegations contained in paragraph 7 of the Petition.

## PROTECTED CONSUMER STATUS

8. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Petition and, therefore, denies the allegations.

9. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Petition and, therefore, denies the allegations.

10. The allegations contained in paragraph 10 of the Petition are legal conclusions and, therefore, not allegations to which ERC can respond. To the extent they are not legal conclusions, ERC denies the allegations. Further answering, ERC states that K.S.A. § 50-676 (b) speaks for itself.

11. The allegations contained in paragraph 11 of the Petition are legal conclusions and, therefore, not allegations to which ERC can respond. To the extent they are not legal

conclusions, ERC denies the allegations. Further answering, ERC states that K.S.A. § 60-676 (h) speaks for itself.

12. The allegations contained in paragraph 12 of the Petition are legal conclusions and, therefore, not allegations to which ERC can respond. To the extent they are not legal conclusions, ERC denies the allegations. Further answering, ERC states that K.S.A. § 50-676 (d) speaks for itself.

13. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Petition and, therefore, denies the allegations.

14. The allegations contained in paragraph 14 of the Petition are legal conclusions and, therefore, not allegations to which ERC can respond. To the extent they are not legal conclusions, ERC denies the allegations.

15. The allegations contained in paragraph 15 of the Petition are legal conclusions and, therefore, not allegations to which ERC can respond. To the extent they are not legal conclusions, ERC denies the allegations.

16. ERC admits that it is engaged in the business of providing collection services on behalf of its customers and that it uses the telephone to provide such services.

17. ERC admits that it is a limited liability company organized under the laws of Delaware and that it has its principal place of business in Florida. ERC further admits that it can be served through its registered agent in the state of Kansas.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

18. ERC denies the allegations contained in paragraph 18 of the Petition.

19. ERC denies the allegations contained in paragraph 19 of the Petition.

20. ERC denies the allegations contained in paragraph 20 of the Petition.

3
SGR/13304935.1

21. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Petition and, therefore, denies the allegations.

22. ERC denies the allegations contained in paragraph 22 of the Petition.

23. The allegations contained in paragraph 23 of the Petition are legal conclusions and, therefore, not allegations to which ERC can respond. To the extent they are not legal conclusions, ERC denies the allegations.

24. ERC admits that it received correspondence from Plaintiff's counsel on July 8, 2015 regarding the allegations contained in the Petition. ERC denies all remaining allegations contained in paragraph 24 of the Petition.

25. ERC denies the allegations contained in paragraph 25 of the Petition.

## COUNT I

26. ERC responds to the previous paragraphs of the Petition as fully set forth above.

27. The allegations contained in paragraph 27 of the Petition are legal conclusions and, therefore, not allegations to which ERC can respond. To the extent they are not legal conclusions, ERC denies the allegations.

28. ERC denies the allegations contained in paragraph 28 of the Petition and all subparts thereof.

29. ERC denies the allegations contained in paragraph 29 of the Petition.

## COUNT II

30. ERC responds to the previous paragraphs of the Petition as fully set forth above.

31. ERC states that the Kansas Supreme Court speaks for itself.

32. ERC denies that it attempted to collect or enforce an alleged debt against Plaintiff. The remaining allegations contained in paragraph 32 of the Petition are legal conclusions and,

therefore, not allegations to which ERC can respond. To the extent that they are not legal conclusions, ERC denies the allegations.

33. The allegations contained in paragraph 33 of the Petition are legal conclusions and, therefore, not allegations to which ERC can respond. To the extent they are not legal conclusions, ERC denies the allegations.

34. ERC denies the allegations contained in paragraph 34 of the Petition.

35. The allegations contained in paragraph 35 of the Petition are legal conclusions and, therefore, not allegations to which ERC can respond. To the extent they are not legal conclusions, ERC denies the allegations.

36. ERC denies the allegations contained in paragraph 36 of the Petition and all subparts thereof.

37. ERC denies the allegations contained in paragraph 37 of the Petition and all subparts thereof.

38. ERC denies the allegations contained in paragraph 38 of the Petition.

## COUNT III

39. ERC responds to the previous paragraphs of the Petition as fully set forth above.

40. The allegations contained in paragraph 40 of the Petition are legal conclusions and, therefore, not allegations to which ERC can respond. To the extent they are not legal conclusions, ERC denies the allegations. Further answering, ERC states that 47 U.S.C. § 227 speaks for itself.

41. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Petition and, therefore, denies the allegations.

42.     The allegations contained in paragraph 42 of the Petition are legal conclusions and, therefore, not allegations to which ERC can respond. To the extent they are not legal conclusions, ERC denies the allegations. Further answering, ERC states that 47 U.S.C. § 227 speaks for itself.

43.     The allegations contained in paragraph 43 of the Petition are legal conclusions and, therefore, not allegations to which ERC can respond. To the extent they are not legal conclusions, ERC denies the allegations. Further answering, ERC states that the TCPA speaks for itself.

44.     The allegations contained in paragraph 44 of the Petition are legal conclusions and, therefore, not allegations to which ERC can respond. To the extent they are not legal conclusions, ERC denies the allegations.

45.     ERC denies the allegations contained in paragraph 45 of the Petition.

46.     The allegations contained in paragraph 46 of the Petition are legal conclusions and, therefore, not allegations to which ERC can respond. To the extent they are not legal conclusions, ERC denies the allegations.

47.     ERC admits that Plaintiff seeks trebled damages, but denies that any such damages are appropriate in this matter.

## GENERAL DENIAL

48.     ERC denies all allegations of the Petition not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims for damages against ERC must be dismissed because Plaintiff has failed to state a claim for which relief can be granted.

**Second Affirmative Defense**

Plaintiff's claims for actual damages against ERC must be dismissed because Plaintiff has failed to allege facts showing an entitlement to any such damages.

**Third Affirmative Defense**

Plaintiff's claims for actual damages against ERC must be denied to the extent Plaintiff failed to mitigate any such damages.

**Fourth Affirmative Defense**

Plaintiff's claims under the FDCPA must be dismissed because ERC never attempted to collect a debt from Plaintiff, nor alleged that Plaintiff is legally responsible for a debt. Thus he is not a "consumer" as defined by the FDCPA and lacks standing to assert such claims.

**Fifth Affirmative Defense**

Plaintiff's claims for damages under the KCPA must be dismissed because Plaintiff is not a consumer as defined by the statute and he thus lacks standing to assert his claims under that statute.

**Sixth Affirmative Defense**

Plaintiff's claims for damages against ERC under the KCPA must be dismissed because Plaintiff has not suffered any loss as is required by the KCPA in order to bring a claim for damages thereunder. Accordingly, Plaintiff lacks standing to assert such claims.

**CLAIM FOR ATTORNEYS' FEES**

On information and belief, this action was brought against, or has been continued against, Defendant in bad faith and for the purposes of harassment and Defendant seeks its costs and fees in defending this action under 15 U.S.C. § 1692k(3) and K.S.A. § 50-634 (e)(1).

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff and in favor of Defendant in connection with all claims for relief in the Petition, award Defendant its reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and equitable.

                                        **MARTIN, PRINGLE, OLIVER, WALLACE & BAUER, LLP**

                                        /s/ Matthew P. Clune
                                        Scott B. Haines         KS #17509
                                        Matthew P. Clune      KS #21064
                                        9401 Indian Creek Pkwy
                                        Building 40, Suite 1150
                                        Overland Park, Kansas 66210
                                        sbhaines@martinpringle.com
                                        mpclune@martinpringle.com
                                        Phone:    913-491-5500
                                        Fax:      913-491-3341
                                        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

A. Scott Waddell
Waddell Law Firm, LLC
2029 Wyandotte Street
Suite 100
Kansas City, MO 64108
scott@aswlawfirm.com

                                        /s/ Matthew P. Clune
                                        Attorney for Defendant

SGR/13304935.1